CLARK v GROVER

MSHAR v GROVER

Docket Nos. 66844, 67107. Submitted June 30, 1983, at Grand Rapids.
—Decided March 5, 1984.

James and Geraldine Mshar sought a mortgage for their home
through Manufacturers Hanover Mortgage Corporation. As a
prerequisite for a mortgage insured by the Federal Housing
Administration, it was necessary to provide a certification that
the heating system had been inspected. Manufacturers Hanover
employed, or recommended the employment of, Foremost Con-
tractors to inspect the heating system. Charles Grover, on
behalf of Foremost, signed the certification of inspection. Subse-
quently, the house filled with carbon monoxide, causing the
death of Alexander Mshar and the hospitalization of other
members of the Mshar family. William and Barbara Clark, as
personal representatives of the estate of Alexander Mshar, and
Ruth Mshar brought an action in Kent Circuit Court against
Grover, Foremost Contractors and others, including Manufac-
turers Hanover. James Mshar, individually and as the next
friend of Michelle and Michael Mshar, and Geraldine Mshar
brought a similar action. The complaint in each action alleged
that Manufacturers Hanover employed or recommended Fore-
most, that Foremost and Grover were not licensed for heating
system work, that the inspection was performed negligently,
and that the negligent inspection was a proximate cause of the
subsequent accident and injury. Both complaints alleged liabil-
ity on the part of Manufacturers Hanover on the basis that it
had undertaken to make the inspection and had been negligent
in the discharge of that duty and on the basis that Manufactur-
ers Hanover had made a negligent misrepresentation as to
Foremost and Grover. Manufacturers Hanover moved for sum-

References for Points in Headnotes
[1] 61A Am Jur 2d, Pleading § 230 et seq.
[2-4] 57 Am Jur 2d, Negligence § 1.
[3] 57 Am Jur 2d, Negligence §§ 61, 62.
  62 Am Jur 2d, Premises Liability §§ 27, 107.
[5] 61A Am Jur 2d, Pleading § 312,

mary judgment on the basis of the failure to state a cause of action on which relief could be granted, plaintiffs having failed to establish any duty of care on the part of Manufacturers Hanover running to plaintiffs. George R. Cook, J., granted defendant Manufacturers Hanover's motions for summary judgment. Plaintiffs sought leave to amend their complaints, which was denied. The plaintiffs in each action appealed. The appeals were consolidated. *Held:*

1. The purpose of the federal inspection requirements necessary to secure a federally insured mortgage is to insure the value and marketability of the property and thereby reduce the risk assumed by the government as the insurer of the mortgage. The federal inspection provisions are not intended to act as an assurance of the safety of the premises and do not impose on a mortgagee who undertakes to make such an inspection for the purpose of an application for a federally insured loan any duty of care relative to the safety of the premises which runs to the mortgagor or those claiming through the mortgagor.

2. Since there were no facts pled which would establish that defendant mortgagee agreed or intended to agree to provide an inspection of the premises so as to assure that the premises were safe, and the inspection for the purpose of the mortgage application did not impose that duty upon defendant mortgagee, plaintiffs failed to state a cause of action against the defendant mortgagee on the basis of liability arising out of the faulty inspection, they having failed to establish a duty running from defendant mortgagee to them.

3. Plaintiffs' negligent misrepresentation claims must also fail for want of the establishing of a duty of care by defendant mortgagee, a duty of care being an element of a negligent misrepresentation claim.

4. Since plaintiffs' proposed amended complaints would not cure the defect of their original complaints relative to their claims against defendant mortgagee, the trial court did not err in denying the motion to amend the complaints. Such amendments would be futile acts.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment for failure to state a claim upon which relief can be granted tests the legal sufficiency of the plaintiff's pleadings; the test is whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual

development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. Negligence — Duty — Actions.

There can be no actionable negligence where there is no legal duty.

3. Negligence — Duty — Federally Insured Mortgages — Building Inspections.

A mortgagee which inspects the mortgaged premises for the purpose of complying with the requirements to secure a federally insured mortgage does not, by merely making the inspection, undertake to render services to the mortgagor relative to the safety of the premises and thereby incur a duty, the negligent breach of which will support liability to any person who might foreseeably be injured by the mortgagee's failure to use reasonable care to perform the inspections, absent evidence that the mortgagee agreed or intended to provide such services for the benefit of the mortgagor, since the inspections required to apply for the federally insured mortgage are not intended to impose on the mortgagee any duty of care concerning the safety of the mortgaged premises.

4. Actions — Negligent Misrepresentation — Duty.

The existence of a duty of care is a prerequisite for the bringing of an action for negligent misrepresentation.

5. Pleading — Amendment of Pleadings.

A trial court may properly deny a motion to amend a complaint where, because the proffered amendments would not cure a basic defect in the plaintiff's pleading, the amendment of the complaint would be a futile act.

*Keusch & Flintoft* (by *Peter C. Flintoft*), for plaintiff in Case No. 66844.

*Hess & Associates, P.C.* (by *John H. Hess*), for plaintiffs in Case No. 67107.

*Miller, Canfield, Paddock & Stone* (by *Carl H. von Ende* and *J. Scott Timmer*), for Manufacturers Hanover Mortgage Corporation.

Before: D. F. WALSH, P.J., and R. M. MAHER and T. ROUMELL,* JJ.

T. ROUMELL, J. In these consolidated cases, plaintiffs seek to recover damages for the death of Alexander Mshar and personal injuries suffered by the other plaintiffs. Plaintiffs' complaints alleged that the death and injuries were caused by carbon monoxide poisoning from a defective furnace in a home belonging to plaintiffs James and Geraldine Mshar. According to the complaints, the home was purchased on land contract and thereafter James and Geraldine Mshar sought an FHA-insured loan from defendant Manufacturers Hanover Mortgage Corporation. The complaints allege that a prerequisite for such a loan is an inspection of the heating system, that Manufacturers Hanover employed or recommended a contractor to make the inspection, that the contractor was unlicensed and performed the inspection negligently, and that the negligent performance of the inspection was a proximate cause of the subsequent death and injuries. Manufacturers Hanover moved for summary judgment pursuant to GCR 1963, 117.2(1), and the circuit court granted the motion, holding that Manufacturers Hanover owed no duty to the plaintiffs. Plaintiffs' motion for leave to amend their complaints was denied, and plaintiffs appeal as of right.

A motion for summary judgment pursuant to GCR 1963, 117.2(1) tests the legal sufficiency of plaintiffs' pleadings; it should be granted only if, accepting as true all well-pled facts in the complaint, plaintiffs' claims are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. See, for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

example, *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 476; 308 NW2d 459 (1981). Where there is no legal duty, there can be no actionable negligence. *Butrick v Snyder,* 236 Mich 300, 306; 210 NW 311 (1926). Here, James and Geraldine Mshar claimed that a duty on the part of Manufacturers Hanover arose from the employment or recommendation of the contractor who made the inspection. The remaining plaintiffs rely on a theory explained in 2 Restatement Torts, 2d, § 324A, p 142:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

The existence of a duty on the part of Manufacturers Hanover to the other plaintiffs therefore depends on the existence of a duty to James and Geraldine Mshar.

The Secretary of Housing and Urban Development is authorized by 12 USC 1709 to insure mortgages on the terms specified in that section upon application of the mortgagee. The secretary has promulgated rules governing applications for such insurance, see 24 CFR 203.1 *et seq.,* and among those rules is one requiring that buildings on the property conform to the minimum standards adopted by the department. See 24 CFR

203.39, 200.929. Plaintiffs point out that some of the standards involve safety conditions, and plaintiffs would therefore infer that a mortgagee who has a required inspection of the building performed in the course of an application for insurance owes a legal duty of care to the mortgagor. However, an examination of the terms specified for insurance in 12 USC 1709 and the rules governing applications show that the concerns to which the statute and the rules are addressed are (1) the availability of mortgages on terms more favorable to the mortgagor than the market would otherwise provide, and (2) the security of the government's insurance funds. Safety conditions in buildings on the mortgaged property are relevant only because they affect the value and marketability of the property and thus affect the risk assumed by the government as insurer of the mortgage. We therefore conclude that the federal statute and rules, including the inspection requirements, were not intended to impose upon the mortgagee any duty of care concerning safety.

Our conclusion is supported by cases dealing with analogous problems under predecessor statutes. See, for example, *United States v Neustadt,* 366 US 696, 709; 81 S Ct 1294; 6 L Ed 2d 614 (1961), in which the Court discussed the legislative history of the predecessor statute as follows:

"[I]t was repeatedly emphasized that the primary and predominant objective of the appraisal system was the 'protection of the Government and its insurance funds'; that the mortgage insurance program was not designed to insure anything other than the repayment of loans made by lender-mortgagees, and that 'there is no legal relationship between the FHA and the individual mortgagor.' Never once was it even intimated that, by an FHA appraisal, the Government would, in any sense, represent or guarantee to the purchaser that he was

receiving a certain value for his money." (Footnotes omitted.)

See also *Cason v United States,* 381 F Supp 1362, 1367 (WD Mo, 1974), in which the court discussed *Neustadt* as follows:

"It is now settled, however, that the primary and predominant objective of the FHA appraisal system is the protection of the Government and its insurance funds; that the mortgage insurance programs do not insure anything other than the repayment of loans made by lender-mortgagees; 'and that "there is no legal relationship between the FHA and the individual mortgagor." ' * * * Although *Neustadt* was based on a different theory of liability, the Court believes that the Supreme Court completely rejected the notion that Congress intended to establish a duty of due care for the benefit of mortgagors such as plaintiffs."

Plaintiffs' reliance on *Block v Neal,* — US —; 103 S Ct 1089; 75 L Ed 2d 67 (1983), is misplaced. In that case, the plaintiff was a recipient of a rural housing loan obtained from the Farmers Home Administration pursuant to 42 USC 1471 *et seq.* The Court held that the plaintiff's action against the government for negligent performance of a voluntary undertaking to supervise construction of the house was not barred by the "misrepresentation" exception to the Tort Claims Act, 24 USC 2680(h). Because the Court expressly declined to decide whether plaintiff had stated a cause of action, see — US —, *Block* has no relevance to the issues presented here.

Also misplaced is plaintiffs' reliance on *Connor v Great Western Savings & Loan Ass'n,* 69 Cal 2d 850; 73 Cal Rptr 369; 447 P2d 609 (1968). We need not decide whether *Connor* would be followed under Michigan law, because *Connor* is distinguisha-

ble on the facts. In *Connor,* defendant was not only the mortgagee, but also an active participant in the construction of the mortgaged homes, with the right to exercise extensive control of the project. Defendant's involvement in the project placed it in a position different from that of the usual money lender. Here, in contrast, no well-pled facts in plaintiffs' complaints suggest that defendant's involvement was greater than that of an ordinary mortgagee.

In *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 705-706; 303 NW2d 702 (1981), the Court considered the liability of a fire insurer for injuries sustained as a result of fire hazards not detected and brought to the insured's attention as a result of the insurer's inspection of the insured's premises. The Court held:

"[T]he threshold requirement of an *undertaking to render services to another* is lacking in these cases. An insurer's inspection of an insured's premises for fire hazards does not in itself demonstrate an undertaking to render fire inspection and prevention services to the insured. Absent evidence that the insurer agreed or intended to provide services for the benefit of the insured, there is no basis for a conclusion that such inspections are conducted other than to serve the insurer's interests in underwriting, rating and loss prevention and hence there is no undertaking. An insurer who does not undertake to inspect for the insured's benefit owes no duty to the insured or the insured's employees to inspect with reasonable care; such an insurer is, however, subject to liability if it engages in affirmative conduct creating or enlarging a fire hazard." (Emphasis in original.)

Similarly, there is no basis here for a conclusion that the inspection was conducted for any reason other than to serve the mortgagee's interest in

obtaining insurance pursuant to 12 USC 1709. No well-pled facts in plaintiffs' complaints suggest that defendant agreed or intended to have the inspection performed for plaintiffs' benefit or that defendant engaged in affirmative conduct creating or enlarging a safety hazard. We therefore conclude that Manufacturers Hanover owed no duty to the plaintiffs.

Plaintiffs also argue that they have stated a cause of action for negligent misrepresentation. See, for example, *Williams v Polgar,* 391 Mich 6; 215 NW2d 149 (1974). However, this theory has no independent significance here. The Court in *Williams* expressly recognized that the existence of a duty of care was a prerequisite for such an action. 391 Mich 18-19. For the reasons previously stated, no duty was presented here.

Because, as plaintiffs concede, their proposed amended complaints proffered no legal theories different from those pled in their previous complaints, the circuit court did not err by denying their motion for leave to amend the complaints. Such a motion is properly denied where an amendment would be futile; see *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973).

Affirmed.